Merle N. Schneidewind
California Bar No. 58242
Attorney at Law
6977 Navajo Road, Ste. 304
San Diego, CA 92119
Telephone: (619) 825-3025
Facsimile: (619) 467-7813
email: attymerle@gmail.com

Attorney for:
ALEXANDER JAVIER TOMALA POZO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE GONZALO P. CURIEL)

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ALEXANDER JAVIER TOMALA POZO, <br><br> Defendant. | Crim. Case No. 21-CR-0292-006-GPC <br><br> **SENTENCING MEMORANDUM** <br><br> DATE: September 12, 2022 <br> TIME: 8:30a.m. |

TO: RANDY S. GROSSMAN, UNITED STATES ATTORNEY, NICOLE BREDARIOL, UNITED STATES ASSISTANT ATTORNEY:

## MR. TOMALA REQUESTS A -2 LEVEL REDUCTION

## FOR ROLE ADJUSTMENT

Counsel realizes the Court is familiar with the criteria for determining a role adjustment so it will not be set forth herein. However, a recent 9th Circuit case was just decided (*United States v. Dominguez-Caicedo*, ... F.4th..., No. 19-50268 (9th Cir. 2022) clarifying how the Court is to determine a role adjustment. The Court held "the relevant comparison is to the other participants in a defendant' crime, not the typical defendant's who commit similar crimes. The district court is required

-1-

to compare a defendant to the other participants in their crimes, not to typical defendants occupying their roles...all likely participants in the criminal scheme must be included in calculating the average.

The court in *Dominguez-Caicedo* went on to say "Fourteen years earlier, we held that courts should compare a defendant's culpability to 'all participants in the criminal scheme for which he was charged' even if those co-participants are not charge." (cited *Rojas-Millan*, 234 F3d at 472).

The court went on to explain that the holding in *United States v. Hurtado*, 760 F.3d 1065 (9th Cir. 2019) was incorrect in how it determined the criteria for a role adjustment. The court went on to say that unlike the holding in *Hurtado*, the district court must compare the defendant's culpability with the average level of culpability of **all** of the participants in the crime.

Using the criteria set forth in *Dominguez Caicedo*, this Court must look to the relevant conduct of Mr. Tomala in comparison to all the other participants in this particular crime. As set forth in the sentencing memorandum filed by the government in this matter, it sets forth Mr. Tomala's role in this smuggling venture. Mr. Tomala was recruited by others in Ecuador to merely perform the task of loading and unloading narcotics from a vessel that was previously loaded. Mr. Tomala and several others were placed in a boat which was driven by someone other than Mr. Tomala to a rendevous point in the ocean. The boat in which Mr. Tomala was riding was met by another boat which originated in Mexico. Mr. Tomala was to help move the drugs from the boat in which he was riding to the larger boat which was to take the drugs to Mexico. One of the co-defendants in this case was Mr. Meza, who was identified as the captain of the boat originating from Mexico.

Mr. Tomala's sole purpose and only participation was to help offload the

drugs from one boat to another.  It is clear when comparing Mr. Tomala to others, his role was minor.  He was certainly less culpable than Mr.  Meza, the captain of the vessel, as well as those who originated the drugs in Ecuador and those who were to receive the drugs in Mexico for further distribution.  Once the drugs were offloaded in Mexico, Mr. Tomala was going to return to Ecuador and have no further involvement.

In comparing Mr.  Tomala to other participants in this case, whether charged or uncharged, I believe the court can determine Mr.  Tomala had a minor role.

## MR.  TOMALA REQUESTS THE COURT GRANT A -2 LEVEL DEPARTURE FOR A COMBINATION OF FACTORS PURSUANT TO THE PLEA AGREEMENT.

The parties negotiated a -2 level departure for a combination of circumstances as outlined in the Plea Agreement.  Among other reasons for the departure, is the defendant's Waiver of Indictment during the judicial emergency declared by the Chief Judge, as well as defendant's waiver of any claim that this prosecution violates any prompt presentment or Speedy Trial Act provisions.  In addition, no fast-track departure was recommended as the defendant was indicted, although Mr Tomala pled at an early stage of the proceedings and did not file any substantive motion.

Realizing the court has reviewed the Presentence Report, I will not reiterate all of the facts set forth therein concerning Mr. Tomala's life in Ecuador.  Mr. Tomala, however, wants the Court to realize he agreed to participate in this venture to obtain funds for his daughter's surgery, as set forth in the Presentence Report, p.8 ¶ 35.

**CONCLUSION**

It is respectfully requested the Court grant a -2 level role reduction for the reasons set forth above and to grant a -2 level role reduction for combination of circumstances as agreed to by both parties.

DATED:   September 1, 2022          Respectfully submitted,


                                    *s/ Merle N. Schneidewind*
                                    MERLE N. SCHNEIDEWIND
                                    Attorney for Defendant
                                    ALEXANDER JAVIER TOMALA POZO