LAW OFFICES OF MICHAEL ANTHONY HERNANDEZ
Michael Anthony Hernandez, Esq.
California State Bar No. 234579
402 W. Broadway, Suite 1270
San Diego, California 92101
Tel.: (619) 341-3149
Fax: (619) 996-2200
Email: Michael@DefenseAttorneySD.com

Attorney for Defendant
Antonio Cedeno-Valencia

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

**(Hon. Gonzalo P. Curiel)**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> ANTONIO CEDENO-VALENCIA, <br> Defendant | Case No.: 21cr0292-GPC <br><br> **DEFENDANT'S SENTENCING MEMORANDUM** <br><br> Date: April 3, 2023 <br> Time: 8:30 AM |

**To:** **Randy S. Grossman, United States Attorney;**

**Allison Murray, Assistant United States Attorney;**

**Matt Bass, United States Probation Officer:**

The Defendant, Antonio Cedeno-Valencia ("Mr. Cedeno"), by and through his attorney, Michael A. Hernandez, and pursuant to Local Criminal Rule 32.1(a)(5), hereby files the following sentencing memorandum.

//

//

//

# I. INTRODUCTION

Given the totality of the circumstances, including the 18 U.S.C. § 3553(a) factors and the history and characteristics of the defendant as detailed below, Mr. Cedeno submits the following memorandum in support of his request for a sentence of 60 months.

# II. INDIVIDUAL BEFORE THE COURT

Mr. Cedeno is a 41-year-old of citizen of Ecuador who now stands before this Court for sentencing in connection with his guilty plea to the charge of Possession of Cocaine with Intent to Distribute on Board a Vessel and Aiding and Abetting, in violation of Title 46, United States Code, § 70503 and Title 18 United States Code, § 2.

Mr. Cedeno was born on October 22, 1981, in El Carmen Manabi, Ecuador, to Augustina Valencia, deceased, and Leopoldo Cedeno, 76, who resides in Ecuador. Mr. Cedeno's mother passed away in 2011 from uterine cancer and Leopolodo is a retired rancher.

Mr. Cedeno is the oldest of 5 siblings, with three sisters, Alexandra (38), Jessica (34), Milady (31), all homemakers, and a brother, Hector (36), who works odd jobs. Mr. Cedeno is married, and he and his wife of 21 years, Erlinda (34), share four children. They have three daughters and a son: Daniella (20), is a homemaker, Samuel (19), is a fisherman and Natalie (16), and Analie (10), are students.

Mr. Cedeno's childhood was normal, and he was raised in a household free of any domestic violence or abuse of any sort. His parents were hard-working people, with his mother working in the fields and his father working on a ranch. While his home was spartan and finances were very limited, Mr. Cedeno benefited from a loving household that valued hard work.

Defendant's Sentencing Memorandum

Mr. Cedeno's education is limited – he completed the 3rd grade in Ecuador – and he left school in order to provide financial support for his family. For most of his life he has worked as a fisherman. He would typically go to sea for 25 days, and these extended fishing trips would net him approximately $200, or about $8 a day. Despite his limited income, Mr. Cedeno owns a small, two-bedroom home with wood and dirt floors. In the instant offense, his goal was to earn $2,000, then take this money to build a new house for his family.

Though he plans to take advantage of any available vocational training while in custody, upon release he knows he can return to work as a fisherman.

Mr. Cedeno has a limited history of substance abuse. At age 28 he tried marijuana once. Also, between ages 28 and 30 he used cocaine once per week but stopped usage for his family. He started drinking alcohol at the age of 22, and reports that he drinks once per week and does not believe he has an alcohol problem.

Mr. Cedeno's offense stems from a deep-seated desire to provide for his family, and rebuild the family home. Unfortunately for Mr. Cedeno his actions will now result in a lengthy period of incarceration, and his family will need to get by without him. Since his arrest, Mr. Cedeno has fully accepted responsibility for his actions, and his long-term goal is to return to Ecuador and resume his position as the head of his household.

### III. STATEMENT OF FACTS

The Offense Conduct section of the Presentence Investigation Report accurately reflects the facts in this matter.

### IV. SENTENCING CONSIDERATIONS

In determining an appropriate sentence, the Court should consider the United States Sentencing Guidelines ("USSG" or the "Guidelines"), the

sentencing factors in Title 18, United States Code, Section 3553(a), and any other factors pertinent to sentence. Ultimately the Court's purpose remains to find a reasonable sentence under all of the circumstances that is sufficient, but not greater than necessary, to accomplish the purpose of sentencing. *See* Title 18, USC, Section 3553(a). Applying those principles, both the Guidelines and the factors outlined in Section 3553(a) support a sentence of 60 months of custody.

**A.** **The Guidelines**

  1. The Plea Agreement Summarized

In exchange for Mr. Cedeno's guilty plea and waiver of his trial and most appellate rights, the parties have agreed to jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures:

  a. Base Offense Level USSG § 2D1.1……………………………….38
  b. Safety Valve USSG § 2D1.1(b)(18) and 5C1.2..……………......…-2
  c. Acceptance of Responsibility USSG § 3E1.1(a) & (b)………............-3
  d. Combination of Circumstances USSG § 5K2.0……………………-2

In addition, Mr. Cedeno may request or recommend additional adjustments and departures under the USSG and sentencing reductions under 18 U.S.C. section 3553.

  a. Base Offense Level/Adjusted Base Offense Level

Under USSG section 2D1.1, the Base Offense Level is 38.

  b. Safety Valve

Mr. Cedeno has complied with all the criteria for a safety-valve adjustment pursuant to Guideline section 2D1.1(b)(18) and is entitled to a 2-level downward adjustment.

  c. Acceptance of Responsibility

Mr. Cedeno pleaded guilty at an early stage in the case. Accordingly, there is no dispute that he qualifies for a 3-level downward adjustment for acceptance of responsibility. (*See* USSG, Section 3E1.1(a) & (b)).

Defendant's Sentencing Memorandum

d. Combination of Circumstances

Mr. Cedeno waived indictment during the judicial emergency and waived any claim that this prosecution violates any prompt presentment or Speedy Trial Act provisions, and he should receive a 2-level downward departure under USSG section 5K2.0.

2. Advisory Guideline Range

As indicated above, Mr. Cedeno starts at a Base Offense Level 38. With downward adjustments for the Safety Valve (-2), acceptance of responsibility (-3), and combination of circumstances (-2), Mr. Cedeno ends up as a Total Offense Level ("TOL") 31. At a TOL 31 and a Criminal History Category I, Mr. Cedeno's advisory guideline range is 108 to 135 months. (*See* USSG, Sentencing Table).

**B. Factors Under Title 18, United States Code, Section 3553(a)**

Under the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220 (2005), *Rita v. United States*, 551 U.S. 338 (2007) and *Gall v. United States*, 552 U.S. 38 (2007), when imposing sentence on a criminal defendant the district court must first correctly calculate the advisory sentencing guideline range and then determine an appropriate sentence based on all of the factors set forth in 18 U.S.C. Section 3553(a). See *United States v. Carty*, 520 F.3d 984, 991-992 (9th Cir. 2008). After consideration of these factors, the statute directs the court to impose a sentence that is "sufficient, but not greater than necessary" to satisfy the purposes of sentencing set forth in subdivision (a)(2). The "parsimony provision" represents the overarching command of the statute. *Kimbrough v. United States*, 552 U.S. 85 (2007).

After determining the proper advisory Guideline range, the Court must evaluate whether the sentence is substantively reasonable and comports with the

purposes of sentencing. Specifically, federal law requires that the Court consider the following factors in imposing sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –
   a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   b. to afford adequate deterrence to criminal conduct;
   c. to protect the public from further crimes of the defendant; and
   d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

*See* Title 18, United States Code, Section 3553(a).

Applying these factors, it appears that a variance under Section 3553(a) – albeit greater than the variance recommended by United States Probation – is warranted in this case.

1. Nature and Circumstances of the Offense

While there can be no excuse for his conduct, it is clear that his decision was driven by his desire to provide better shelter to his family. This is evident in his willingness to take part in a long voyage at sea in a small vessel with questionable seaworthiness.

Following his arrest, Mr. Cedeno saved the government time and resources by immediately cooperating with authorities and promptly accepting a plea agreement. Mr. Cedeno has clearly demonstrated acceptance of responsibility for the offense and recognized his own poor judgment.

2. History and Characteristics of Mr. Cedeno

The history and characteristics of Mr. Cedeno are documented as set forth in section II, Individual Before the Court and the Presentence Report, and are

incorporated herein by reference.  Mr. Cedeno is not a sophisticated criminal, and as illustrated by his employment history, as well as his employment reports while incarcerated, he is willing to work to support himself and his family.

      3.    <u>Seriousness of the Offense, Respect for the Law, and Just Punishment</u>

As indicated above, Mr. Cedeno readily recognizes the seriousness of his offense.  Based on all of the circumstances, however, a sentence of 60 months of custody adequately reflects the nature of the offense.

An additional custodial sentence of any length would not serve the interests of justice.  Mr. Cedeno is remorseful and embarrassed by his behavior and understands his actions will now result in a sentence of incarceration.

      4.    <u>Deterrence</u>

A sentence of 60 months adequately supports deterrence.  Anyone in Mr. Cedeno's position would surely reconsider action such as this if they knew that even with all possible departures and adjustments a significant sentence would still be imposed.  There is also little evidence that significantly longer sentences provide additional deterrence to potential offenders.

      5.    <u>Protecting the Public</u>

In the present case no term of custody would be required to protect the public from Mr. Cedeno.  His offense in the instant case does not involve violence and  Mr. Cedeno is not a risk to endanger the public.

      6.    <u>Summary and Request for Variance</u>

A variance from the advisory Guideline range of 108 to 135 months is warranted, and Mr. Cedeno respectfully submits that a sentence of 60 months of custody would provide the right balance for such a variance.

## V. RECOMMENDATION AND CONCLUSION

Prior to his arrest in this case, Mr. Cedeno struggled to provide for his family, and was willing to take the chance of in the instant offense to improve his family's living conditions. He has come to realize that his desperate actions have jeopardized his ability to provide for himself and his family, and he understands that any future criminal activity will only be to the further detriment of his family.

Considering the totality of the circumstances, Mr. Cedeno respectfully requests that this Court impose a sentence of 60 months of custody. Such a sentence is sufficient to adequately punish Mr. Cedeno and deter him from ever repeating such behavior, while not being unnecessarily harsh.

Dated: March 21, 2023                Respectfully submitted,

                                     s/ Michael Anthony Hernandez, Esq.
                                     Attorney for Antonio Cedeno

Defendant's Sentencing Memorandum