1  RANDY S. GROSSMAN
   United States Attorney
2  ALLISON B. MURRAY
   California Bar No. 328814
3  Special Assistant U.S. Attorney
   U.S. Attorney's Office
4  880 Front Street, Room 6293
   San Diego, CA 92101
5  Tel: (619) 546-9711
   Email: Allison.Murray@usdoj.gov
6
7  Attorneys for the United States

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAVIER MONTES CABRERA (4),<br><br>Defendant. | Case No.: 21-CR-292-GPC<br><br>**UNITED STATES' SUPPLEMENTAL SENTENCING MEMORANDUM RE SAFETY VALVE**<br><br>Date: May 8, 2023<br>Time: 8:30 a.m. |
|---|---|

The UNITED STATES OF AMERICA, by and through its counsel, Randy S. Grossman, United States Attorney, and Allison B. Murray, Special Assistant United States Attorney, hereby files this Supplemental Sentencing Memorandum as to defendant Javier Montes Cabrera. This memorandum is based upon the files and records of the case and specifically addresses Safety Valve.

**I.     SAFETY VALVE**

Defendant pled guilty to Possession of Cocaine with Intent to Distribute on Board a Vessel and Aiding and Abetting in violation of 46 U.S.C. § 70503, a crime that carries a statutory minimum of ten years. Defendant can avoid the imposition of the ten-year mandatory minimum sentence only if he can satisfy all five prongs of the safety valve

provision under 18 U.S.C. § 3553(f) and USSG § 5C1.2(a).[1] The fifth safety valve provision requires the Court to find that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or a common scheme or plan, but the fact that the defendant has no relevant or useful information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement." 18 U.S.C. § 3553(f)(5); USSG § 5C1.2(a)(5); *United States v. Salazar*, No. 22-50060, at *9 (9th Cir. Mar. 8, 2023). To that end, § 3553(f)(5) of the safety valve creates a "tell all you can tell" requirement. *Id.*

Contrary to Defense Counsel's assertions in his filings submitted on May 4 and May 5, 2023, Defendant has NOT satisfied the requirements for Safety Valve. There is no dispute. On May 4, 2023, the safety valve debrief was terminated *by Defense Counsel* approximately ten minutes into the meeting after the Defendant began providing a narrative that the agents and Government Counsel knew to be false, and the Defendant was confronted.[2] The Government then exited the room to allow Defense Counsel to speak with his client. After speaking with the Defendant, Defense Counsel explained to Government Counsel and Agents that the debrief was over. Government Counsel confirmed that the interview was over and that it would not be requesting the Defendant. Defense Counsel said yes. Because the meeting was terminated by Defense Counsel so soon after commencing, Government Counsel was not permitted to continue questioning.

---

[1] The Government does not dispute that Defendant satisfies the first four prongs of the safety valve provision.

[2] Prior to the debrief, the Government explained the consequences of not qualifying for safety valve relief—mainly, that if Defendant did not provide complete and truthful statements during the debrief, Defendant would face the mandatory statutory minimum of ten years in custody. Government Counsel also explained that this would be his final opportunity given that six continuances of sentencing had already been granted and sentencing was scheduled for May 8, 2023, just four days later.

1 Based on this, Defendant has clearly not provided truthful, complete information to the Government. Government Counsel and Defense Counsel left the meeting in agreement that he did not satisfy the fifth prong requirement as outlined in § 5C1.2. The Defendant's decision to cease the debrief demonstrates that the Defendant did not in good faith cooperate with the Government.

### 1. Safety Valve Requires Defendant to Truthfully Provide All Information and Evidence Regarding His Crime Prior to Sentencing

Defendant bears the burden of demonstrating by a preponderance of the evidence that he qualifies for safety valve relief. *See United States v. Mejia-Pimental*, 477 F. 3d 1100, 1104 (9th Cir. 2007); *United States v. Zakharov*, 468 F.3d 1171, 1181 (9th Cir. 2006); *United States v. Washman*, 128 F.3d 1305, 1307 (9th Cir. 1997); *see also United States v. Jimenez*, 451 F.3d 97, 102-03 (2nd Cir. 2006) ("The safety valve certainly was not intended to impose on the government five additional elements that it must prove before triggering the imposition of a mandatory-minimum sentence").

In order for the defendant to carry his burden with regard to the fifth prong, the defendant must show that he made a good faith effort to cooperate with the Government. *See United States v. Shretha*, 86 F.3d 935, 940 (9th Cir. 1996) (citing *United States v. Arrington*, 73 F.3d 144, 147 (7th Cir. 1996). This good faith obligation requires the defendant to provide the Government with truthful, complete information by the time of the sentencing hearing. *Mejia Pimental*, 477 F.3d at 1105. Further, the Ninth Circuit has clarified that:

> The phrase "all information and evidence" [in the fifth prong of the safety valve provision] is quite broad. There is no limit placed on the type of information that must be provided. To the contrary, the plain meaning of the phrase is that any and all information that the defendant possesses concerning the offense must be provided to the Government.

*United States v. Thompson*, 81 F.3d 877, 879 (9th Cir. 1996); *see also United States v. Matos*, 328 F.3d 34, 39 (1st Cir. 2003) (noting that "a safety valve debriefing is a situation that cries out for straight talk; equivocations, half truths, and veiled allusions will not do";

*United States v. Lopez*, 163 F.3d 1142, 1143-44 (9th Cir. 1998) (holding that the safety valve provision is not available to a defendant who "has not told all that he knew"); *United States v. Shrestha*, 86 F.3d at 939 (The fifth prong "has been termed a 'tell all you can tell' requirement. In other words, the defendant must provide, prior to sentencing, all information at his disposal which is relevant to the offense . . .") (citations omitted). The "bare assertion that [defendant] ha[s] provided all relevant information to the Government … is hardly a preponderance of the evidence." *United States v. Ajugwo*, 82 F.3d 925, 929 (9th Cir. 1996). Instead, the defendant must provide "truthful, complete information" that discloses their true role. *Mejia-Pimental*, 477 F.3d at 1105; *see also United States v. Washman*, 128 F.3d 1305, 1307 (9th Cir. 1997) ("The intent of Congress would be thwarted if defendants could obtain the benefit of the safety valve yet not disclose their true role"). In *Mejia-Pimental*, the Ninth Circuit explained:

> A defendant might, for example, agree to a proffer but refuse to answer questions or answer them evasively, even though the Government believes (or knows) that the defendant's involvement in the criminal conduct was more extensive than the proffer suggests. Such behavior would not constitute good faith because it would not provide the Government with a truthful, complete disclosure.

477 F.3d. at 1106.

Only after Defendant has met his burden and established that he qualifies for safety valve by a preponderance of the evidence does the burden shift to the Government to show that the information supplied to the Government was untrue or incomplete. *See Shrestha*, 86 F.3d at 940; *United States v. Diaz-Cardenas*, 351 F.3d 404, 409 (9th Cir. 2003).

**2. Defendant Failed to Meet His Burden.**

Defendant failed to demonstrate by a preponderance of the evidence that he provided truthful and complete information regarding his offense. Defendant's memorandum simply shifts the burden to the Government, stating that "absent credible evidence which demonstrates Mr. Montes Cabrera was untruthful", the Court should award a reduction for safety valve. Simply put, that is not the standard and Defendant has not met his burden.

After being confronted by the prosecutor and agents shortly after the debrief commenced, the meeting was stopped by Defense Counsel. There is no way Defendant can satisfy Safety Valve when he did not even complete a Safety Valve debrief. The information provided by Defendant Montes Cabrera was both untruthful and incomplete.

Moreover, it would be against the interests of justice to allow Defendant an additional opportunity to satisfy safety valve in this case. Defendant has had over a year and half of continuances and has not in good faith sought to satisfy the statutory requirements. Indeed, Defendant entered his change of plea on October 13, 2021. From this date to May 4, 2023, Defendant never met with the Government for a Safety Valve proffer. This was not for lack of prompting by the Government. For over a year and a half, the Defendant either refused to meet with the Government or cancelled debriefs at the last minute. For example, a debrief was scheduled on November 3, 2022, but was pushed back by Defense Counsel. Government Counsel immediately reached out on November 15, 2022 with a list of available dates in November and December where Government Counsel and Agents were available. Defense Counsel did not respond, but in January 2023 reached out to book a debrief on January 20. The day before – on January 19, 2023 – Defense Counsel called to cancel, stating that his client did not wish to go forward. This last-minute cancellation cost the Government interpreter fees. Finally, on May 1, 2023, the day sentencing papers were due to the Court, Defense Counsel reached out to Government Counsel to schedule a last-minute debrief. Government Counsel agreed but explained that this would be his final opportunity since six continuances had already been granted in this case to allow time for Safety Valve proffers. The United States has been more than patient. As mentioned, Defendant, instead of seizing this eleventh-hour opportunity, did not truthfully provide the Government with all information he had concerning the offense, instead cutting the meeting short. He was explained the risks and decided against truthful and complete disclosure. Thus, he must be held to the statutory mandatory minimum.

//

## II. CONCLUSION

Because the Defendant has not satisfied all requirements for Safety Valve relief, this Court should impose a custodial sentence reflecting the statutory mandatory minimum of 120 months, followed by 5 years' supervised release, no fine, and a $100 special assessment.

DATED: May 5, 2023                              Respectfully submitted,

                                                              RANDY S. GROSSMAN
                                                              United States Attorney

                                                             */s/ Allison B. Murray*
                                                             ALLISON B. MURRAY
                                                             Special Assistant U.S. Attorney